FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS     JUN 13 2005
WESTERN DIVISION
JAMES W. McCORMACK, CLERK
By:_____ DEP

ONYX LABORATORIES, LTD.                                    PLAINTIFF

vs.                           NO. 4:04-CV-202

CENTRAL TRANSPORT INTERNATIONAL, INC.          DEFENDANT and
                                               THIRD PARTY PLAINTIFF

vs.

CONCORD TRANSPORTATION, INC. and
ANDLAUER TRANSPORTATION SERVICES, INC.    THIRD PARTY DEFENDANTS

### BRIEF IN SUPPORT OF MOTION TO DISMISS

This Court lacks jurisdiction over foreign defendants Concord Transportation, Inc. ("Concord") and Andlauer Transportation, Inc. ("Andlauer") because neither has "minimum contacts" with Arkansas. The Third Party Complaint filed by Central Transport International, Inc. ("Central Transport") should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

### FACTUAL BACKGROUND

This lawsuit concerns the shipment of goods. Complaint, ¶3. Onyx Labratories, LTD ("Onyx") sued Central Transport for damages related to goods that Onyx claims were delivered in an untimely manner. Central Transport filed a Third Party Complaint against Concord and Andlauer seeking indemnification and contribution, should a verdict be returned in Onyx's favor.

Concord and Andlauer are transportation service companies headquartered in Etobicoke, Ontario. Concord specializes in cross-border transportation of good from a select number of American locations (none of which is in Arkansas) to locations in Canada. Andlauer is one of the largest distribution and freight transportation company in Canada but does not transact business in the United States.

Neither Concord nor Andlauer has ever maintained a physical presence in Arkansas, transacted business in Arkansas, solicited business from Arkansas, paid taxes in Arkansas, registered to do business in Arkansas, or been a party to litigation in Arkansas. See Affidavit of Bill Gurd, attached to Motion as Exhibit A. In fact, Andlauer does not do business in the United States. Exhibit A, ¶ 4. All the goods subject to this lawsuit were delivered to Concord and/or Andlauer by Central Transport in Brampton, Ontario; thus, the actual physical passing of the goods from Central Transport to Concord and/or Andlauer occurred in Canada, not Arkansas. See Exhibit B to Motion.

## LEGAL ANALYSIS

A federal court can only exercise jurisdiction over a foreign defendant to the extent provided for by the forum state's long-arm statue and only if such an exercise does not offend the foreign defendant's due process rights. *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073 (8th Cir. 2004) ("Because the long-arm statute of Arkansas confers jurisdiction to the fullest constitutional extent, our inquiry is limited to whether the exercise of personal jurisdiction comports with due process."). The Constitution's Due Process Clause requires the existence of "minimum contacts" between a defendant and the forum state so that the exercise of jurisdiction does not offend the "traditional notions of fair play and substantial justice." *Asahi Metal Indus. Co. v. Superior Court of Calif.*, 480 U.S. 102, 113 (1987), *quoting Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). "The requisite minimum contacts must be based upon 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Ferrell v. West Bend Mut. Ins. Co.*, 393 F.3d 786, 790 (8th Cir. 2005), *quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

Federal courts may exercise two types of personal jurisdiction. The first -- general jurisdiction -- lies when the defendant's contacts with the state are "substantial ... continuous and systematic". *Perkins v. Benguet Concol. Mining Co.*, 342 U.S. 437, 446-47 (1952); *see also Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984). The general jurisdiction contract threshold of continuous and systematic "typically requires the defendant to have an office in the forum state..." 16 MOORE'S FEDERAL PRACTICE, §108.41[3] (Matthew Bender 3d ed.). A party's transitory presence in a state is not sufficient to subject that party to the general jurisdiction of that state's courts. *Id.*

The second type of personal jurisdiction -- specific jurisdiction -- exists when a defendant purposefully establishes contact with the forum state and the litigation arises out of or relates to those contacts. *Burger King Corp. v. Rudzewicz*, 471 U.S. at 472. The Eighth Circuit has interpreted *Burger King* in this way: "...in a case such as this involving specific personal jurisdiction, jurisdiction is viable only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state. ... In other words, the cause of action must ``arise out of' or `relate to' a defendant's activities within a state.'" *Romak USA, Inc. v. Rich*, 384 F.3d 979, 984 (8th Cir. 2004), *quoting Lakin v. Prudential Sec., Inc.*, 348 F.3d 704, 707 (8th Cir. 2003). To determine if specific jurisdiction exists, the Court must consider five factors: "(1) the nature and quality of [a defendant's] contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) [the] convenience of the parties." *Dever*, 380 F.3d at 1073-1074.

Under these standards, the Court must dismiss Central Transport's Third Party Complaint because neither Concord nor Andlauer can be subjected to personal jurisdiction in this state. As shown by the affidavit of Bill Gurd, attached as Exhibit A, Concord and Andlauer do not have

3

any contacts with Arkansas. They therefore are not subject to general personal jurisdiction because there are no contacts that can be continuous or systematic. *Helicopteros, supra.* They also are not subject to specific personal jurisdiction. Specific jurisdiction is only possible where a suit "arises out of" or "relates to" a defendant's contacts with a state, but in a situation such as the one before the Court, where Concord and Andlauer have no contacts with Arkansas, common sense dictates that personal jurisdiction cannot lie. See *Burger King, supra.* The Court also cannot consider the five-factor test set out in *Dever* because there are no contacts to analyze.

Moreover, Central Transport's Third Party Claim is facially deficient. "To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff 'must state sufficient facts in the complaint to support a reasonable inference that [the defendants] can be subjected to jurisdiction within the state.'" *Dever* at 1072, quoting *Block Indus. v. DHJ Indus., Inc.*, 495 F.2d 256, 259 (8th Cir. 1974). Central Transport has not done so in this case. In its Third Party Complaint, Central Transport acknowledges that Concord and Andlauer are Canadian corporations (and incorrectly alleges that both do business in the United States). It seeks to subject Concord and Andlauer to the jurisdiction of an Arkansas federal court, "[a]s this case originates from the contract entered by and between Plaintiff and Defendant in the State of Arkansas…" Third Party Complaint, ¶4. The fact that Plaintiff (Onyx) and Defendant (Central Transport) contracted in Arkansas does not itself subject Third Party Defendants Concord and Andlauer to Arkansas jurisdiction. For that to occur, Concord and Andlauer would need some contact with Arkansas, such as their presence in Arkansas for purposes of negotiating an independent contract or taking delivery of goods for shipment. Such events have not been alleged in Central Transport's Complaint and did not occur. Jurisdiction over Concord and Andlauer therefore does not lie with this Court.

## CONCLUSION

Concord and Andlauer cannot be hailed into court in Arkansas because neither has any contact with Arkansas. To subject two foreign corporation to a lawsuit in a state where neither is present and where neither has transacted business would offend the fundamental notions of fair play and substantial justice that established precedent requires this Court guard assiduously. Dismissial of Central Transport's Third Party Complaint is therefore required for lack of jurisdiction.

                                    Respectfully submitted,

                                    ROSE LAW FIRM,
                                    a Professional Association
                                    120 East Fourth Street
                                    Little Rock, AR  72201
                                    (501) 375-9131
                                    (501) 375-1309 (fax)

                                    By: /s/ B. Walker
                                        Byron J. Walker, Ark. Bar No. 2002114

                                    Attorneys for Third Party Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of June, 2005, the foregoing Brief in Support of Motion to Dismiss was delivered by first-class mail to the following counsel of record:

Staci Dumas Carson
Richard N. Watts
Watts, Donovan & Tilley
200 South Commerce, Suite 200
Little Rock, AR 72201

Kara B. Mikles
Hukabay Munson Rowlett & Moore
400 West Capitol, Suite 1900
Little Rock, AR 72201

_____
B.J. Walker